

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 9:00-CR-40** |
| | § | |
| **LINCOLN WATTS** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e).  The United States

alleges that Defendant, Lincoln Watts, violated conditions of supervised release imposed by United

States District Judge Howell Cobb of the Eastern District of Texas.  The Government filed its

*Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of

Defendant's supervised release [Clerk's doc. #26].  The Court conducted a hearing on August 30,

2006, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  Defendant was

present and represented by counsel at the hearing.  Having heard the evidence, this court factually

finds that Defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 5, 2001, The Honorable Howell Cobb, United States District Judge for the Eastern District of Texas sentenced Lincoln Watts after he pled guilty to the offense of Possession of a Firearm While Under Indictment (a Class D felony); Possession of a Stolen Firearm (a Class C felony); and Burglary of Federal Firearms Licensee (a Class C felony). Judge Cobb sentenced Defendant to thirty-six (36) months imprisonment followed by three (3) years supervised release. The supervision term was subject to the standard conditions of release, plus special conditions to include the defendant shall not commit any offenses against a foreign state or nation; the defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release; financial disclosure; the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer

-2-

unless the defendant is in compliance with all financial obligations imposed by this judgment; and drug aftercare.  On  October 5, 2004, Mr. Watts completed his period of imprisonment and began service of the supervision term.

Judge Cobb has since passed away. Accordingly, on April 11, 2006, this criminal proceeding was reassigned to United States District Judge Thad Heartfield

## B.  Allegations in Petition

The  United  States  alleges  that  Defendant  violated  the  following  special  condition  of supervised release:

> *The defendant shall be placed in community confinement for a period of 90 days in the community corrections component of  County Rehabilitation Center, Inc., Tyler, Texas. During the final 30 days of confinement, the defendant shall be eligible for pre-release consideration subject to the approval of the probation officer and the community confinement center.  During the community confinement term, the defendant shall participate in the available drug treatment program.  In addition the defendant shall abide by all rules and regulations of the facility.*

Specifically, Mr. Watts was unsuccessfully discharged from the community confinement center on April 18, 2006, leaving an unserved balance of 23 days.

## C.  Evidence presented at Hearing:

At the hearing, the government proffered the following evidence as its factual basis for the allegations set out *supra*.  The government would provide the sworn testimony of United States Probation Officer Robert White. Mr. White would testify that on the date alleged, Mr. Watts was discharged from the community confinement center after leaving the halfway house without

permission.  The government would also submit documentation in support of this testimony.

Defendant, Lincoln Watts, offered a plea of true to the allegations.  Specifically, Mr. Watts agreed with the evidence presented and pled true to the allegation that he violated his supervision conditions by being unsuccessfully discharged from the halfway house.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervised release being unsuccessfully discharged from the community confinement center.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke Defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583(g).

Based upon Mr. Watts' criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offenses of conviction were a Class C and D felony, the statutory maximum imprisonment term upon revocation is two (2) years less any time the Defendant has already served in prison for a previous revocation.  *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve  a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release.  *See* 18 U.S.C. § 3583(h).  The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that

was imposed upon revocation of supervised release. *Id.* Because Mr. Watts' original offenses of conviction were a Class C and D felony, respectively, the maximum term of supervised release in this proceeding is not more than three (3) years, or thirty-six (36) months. 18 U.S.C. § 3583(b)(1). *See also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(Citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. Mr. Watts voluntarily pled true and agreed with the Court's recommended sentence for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* [Clerk's doc. #35].

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

–5–

release.  The undersigned magistrate further recommends that the District Court order Defendant to serve a term of  **six (6) months imprisonment**, with credit for time already spent in federal custody on this matter.   The Court would also recommend that Mr. Watts be allowed to serve this term in a correctional facility in or near Nacogdoches County, Texas.

The Court further recommends that, upon his release from prison, Mr. Watts should be sentenced to a new term of **supervised release for  twenty-four (24) months**,  and that he be directed to pay the remaining $900.57 he owes in restitution pursuant to the original criminal judgment entered against him.  The new term of supervision should, therefore, be subject to the following mandatory, standard and special conditions:

"It is ordered that the defendant pay restitution in the amount of $900.57 to Cason-Monk True Value Hardware, 317 East Main Street, Nacogdoches, TX, 75961.  The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant is to pay restitution totaling $900.57 to the victim listed in the "Victim Impact" section of the Presentence Report.  The Court orders the restitution payments to begin immediately.  Any amount that remains unpaid when the defendant's supervision commences is to

be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k).  Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt.  Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment and restitution payments.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance."

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).   The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 5th day of September, 2006.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

–8–